**THG ENTERPRISES INC., dba: Tax and Law Center; Jim Harnsberger, Plaintiffs—Appellees,**

v.

**CITY OF EL CAJON, Defendant—Appellant.**

**THG Enterprises Inc., dba: Tax and Law Center; Jim Harnsberger, Plaintiffs—Appellants,**

v.

**City of El Cajon; Does, 1 Through 50, Inclusive, Defendants—Appellees.**

No. 02–55043, 02–55357.

D.C. No. CV–00–01781–IEJ(AJB), CV–00–01781–IEJ.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2003.*

Decided April 4, 2003.

Before LAY,** HAWKINS, and TALLMAN, Circuit Judges.

MEMORANDUM ***

The City of El Cajon appeals the district court's order and judgment that: (1) the City's ordinance regarding real estate signs placed in the public "parkway" is unconstitutionally vague; (2) the City's ordinance regarding "community service signs" is an unconstitutional prior restraint on speech; and (3) the City's ordinance banning temporary political signs is an unconstitutional restriction on speech.

THG Enterprises and Jim Harnsberger (collectively "THG") cross-appeal the district court's determination regarding appropriate attorney's fees.

We affirm the district court's decision that the City's Municipal Code § 17.66.020(F)(7) is unconstitutionally vague as applied to signs on public property. The ordinance's use of the phrase "[i]f an off-site real estate sign is located on private property" implies that an off-site real estate sign could also be on public property. But the ordinance's restrictive structure and purpose suggest the opposite. Thus, a person of ordinary intelligence would not reasonably know whether placing an off-site real estate sign on public property is prohibited. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 498, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982).

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. 34(a)(2).

** Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We also affirm the district court's decision that the City's Municipal Code § 17.66.020(F)(5) is an unconstitutional prior restraint on speech. Even if we assume the ordinance is content neutral, it does not provide adequate procedural safeguards governing when, where, or how a permit is granted. *See Thomas v. Chicago Park Dist.,* 534 U.S. 316, 323, 122 S.Ct. 775, 151 L.Ed.2d 783 (2002).

We reverse the district court's decision that the City's Municipal Code § 17.66.020(F)(4) is an unconstitutional restriction on free speech. We agree with the district court that the parkway is a limited public forum subject to a "reasonableness" standard of review. Under that standard, however, we hold that the ordinance reasonably promotes the City's aesthetic and safety interests by banning temporary political signs. Temporary political signs, unlike other signs allowed in the parkway, are unrelated to providing directional or location information to drivers and pedestrians. Temporary political signs also pose a greater aesthetic risk because of the competition innate in political campaigns. While the City's regulatory scheme is not precise, we cannot say that it is unreasonable either.

Because we reverse the district court in part, we vacate the district court's order granting attorney's fees to THG and remand with instructions to recalculate the award.

Each party to bear its own costs.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.